## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENDALL GARLAND,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **No. 20-cv-1823** |
| | : | |
| **DAGE GARDNER,** *et al.*, | : | |
| **Defendants.** | : | |

### MEMORANDUM

**Joseph F. Leeson, Jr.**                                                                        **June 10, 2020**
**United States District Judge**

Currently before the Court is a Complaint filed by plaintiff Kendall Garland, proceeding *pro se*, raising constitutional claims pursuant to 42 U.S.C. § 1983 based on time he spent incarcerated in connection with probation violations in 2014 and 2017.  Garland seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Garland leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as barred by *res judicata*.

### I.      FACTUAL ALLEGATIONS[1]

#### A.      The Instant Complaint

Garland's Complaint names the following Defendants in their individual capacities: (1) Dage Gardner, identified as a Probation Officer; (2) Michael Hernandez, identified as a Supervisory Probation Officer; (3) David Knorr, identified as a Probation Officer; (4) Caitlyn McLaughlin, identified as a Supervisory Probation Officer; and (5) the City of Philadelphia.  He

---

[1]  The facts set forth in this Memorandum are taken from Garland's Complaint, the exhibits attached thereto, and public dockets of which this Court may take judicial notice.  *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

challenges the constitutionality of a 2014 arrest for a probation violation that led to his incarceration, and two arrests in 2017 based on subsequent probation violations, which also led to his incarceration.

Garland was convicted of various criminal offenses in 2002, in the Philadelphia Court of Common Pleas, and sentenced to a term of probation. (Compl. ECF No. 2 at 6.)[2] In 2014, during Garland's term of probation, he was told by Officer Gardner, who was his probation officer at the time, that he would be required to take a polygraph examination in connection with his treatment program. (*Id.* at 7.) Garland took the polygraph and, although he was informed of "issues" with the test, the treatment facilitator allegedly informed him that he would not be discharged from the program on that basis. (*Id.*)

The next day, on May 6, 2014, Officer Gardner arrested Garland for violating his probation based on a failure to register an email address and because Garland was discharged from his treatment program. (*Id.*) Garland alleges that neither of these violations occurred. (*Id.*) Nevertheless, after a hearing, the state court revoked Garland's probation and sentenced him to a one to two-year term of incarceration to be followed by a four-year term of probation (the "revocation sentence"). (*Id.*) Garland was incarcerated and released in January 2016. (*Id.*)

In February 2017, a probation detainer was lodged against Garland in connection with an alleged probation violation that was ultimately withdrawn, leading to his release in June 2017. (*Id.* at 8.) In August 2017, Officer Knorr arrested and incarcerated Garland based on alleged technical violations of the terms of his probation. (*Id.*) Garland was released in December 2017. (*Id.*) According to the Complaint, the state court concluded that the conditions Garland allegedly

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

violated were unreasonable and released him on that basis.  (*Id.*); *see also Garland v. Knorr*, E.D. Pa. Civ. A. No. 19-2996 (ECF No. 16 at 6).

Garland filed several petitions for post-conviction relief in state court challenging the 2014 revocation of his probation, his revocation sentence, and his August 2017 detention. (Compl. ECF No. 2 at 8.)  On April 6, 2018, the state court vacated Garland's revocation sentence and terminated his probation.  (*Id.*)  It appears the state court's decision was based on Garland's argument in a post-conviction petition that the dictates of the Sex Offender Registration and Notification Act, the impetus for the 2014 violations, could not be applied retroactively to Garland.  (*Id.* at 39-43.)

Garland asserts several constitutional challenges to his 2014 arrest, the probation violation and sentence, and incarceration, as well as his 2017 arrests and incarcerations.[3]  (*Id.* at 6 & 9.)  Garland primarily brings claims for damages under § 1983 "for malicious prosecution, abuse of process, false arrest and imprisonment, emotional injury and distress, and for substantive and procedural due process violations" of the federal and Pennsylvania Constitutions.[4]  (*Id.* at 6.)  The individual Defendants appear to be named based on their roles in Garland's arrests and related proceedings in 2014 and 2017.  Garland alleges that prosecutors from the Philadelphia District Attorney's Office failed to ensure the charges against him were

---

[3] Garland attached to his Complaint filings from post-conviction proceedings in state court.  He seeks to incorporate those pleadings into his Complaint.

[4] Although Garland's Complaint fails on *res judicata* grounds for the reasons discussed below, he would not be able to proceed on his claims under the Pennsylvania Constitution for the alternative reason that there is no private right of action for damages under the Pennsylvania Constitution.  *See Plouffe v. Cevallos*, 777 F. App'x 594, 601 (3d Cir. 2019) ("[N]or is there a private right of action for damages under the Pennsylvania Constitution"); *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011) ("No Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution.").

valid, the City of Philadelphia "did not provide [him] with effective representation in 2014" and
that the City "has shown a culture of systemic Constitutional violations . . . and has shown a
culture of civil rights violations." (*Id.* at 8-9.)  He seeks millions of dollars in damages. (*Id.* at
9.)

### B.  Garland's Prior Litigation

This is not the first lawsuit Garland has filed about the events underlying his claims.
Rather, he has been active in the state and federal courts pursing claims against the named
Defendants and others based on matters related to his 2014 and 2017 probation violations and
related incarcerations.

#### 1.  Garland Challenges his 2014 Revocation Sentence in a 2016 Lawsuit

In 2016, Garland filed a civil action against Officer Gardner and others based on the
revocation of his probation in 2014.  Garland alleged that the defendants violated his privilege
against self-incrimination by forcing him to submit to a polygraph examination in connection
with a treatment program he was participating in as a term of his probation, and by introducing
the results of that examination at his 2014 revocation hearing.  *Garland v. Joseph J. Peters Inst.
(JJPI)*, Civ. A. No. 16-527, 2017 WL 1196639, at *1 (E.D. Pa. Mar. 31, 2017).  The Court
dismissed the case in its entirety after concluding that: (1) Garland's claims were not cognizable
because they would necessarily imply the invalidity of his probation revocation and sentence; (2)
Garland failed to allege a plausible claim for violation of his Fifth Amendment privilege against
self-incrimination; and (3) to the extent he was pursuing a substantive due process claim, the
claim was not plausible.  *Id.* at *3-*5.  However, the dismissal was without prejudice to Garland
reasserting his claims in the event his probation revocation was invalidated in the future.  *Id.* at
*5.

4

####    2.   The 2018 Common Pleas Action

In July 2018, after his revocation sentence was vacated, Garland filed a lawsuit in the

Philadelphia Court of Common Pleas (the "Common Pleas Action"), pursuant to 42 U.S.C. §

1983 and Pennsylvania law, against Officers Gardner and Knorr, an unknown officer, the City of

Philadelphia, and Benjamin Mallow, who is also a probation officer.  *Garland v. Gardner*, No.

2433 EDA 2018, 2019 WL 517687, at *1 (Pa. Super. Ct. Feb. 11, 2019).  Garland asserted

several claims for damages, including malicious prosecution, false arrest and imprisonment, and

abuse of process related to his 2014 probation violation and revocation sentence, his related

imprisonment, and his subsequent arrests and imprisonments in 2017.  *Id.* at *2 & Attachment

(noting that Garland's damages claims stemmed "from improper initiation of revocation

proceedings, improper sentencing of [Garland], and revocation of [Garland's] probation sentence

in 2014; and also for [Garland's] unjustified and unlawful arrest for an alleged violation of

probation in August, 2017 by Agent Knorr where there was no basis whatsoever for [Garland's]

arrest and detention, and where also Agent Knorr arrested [Garland] in retaliation . . .").  He also

pursued due process claims, a retaliation claim based on allegations that the August 2017 arrest

was motivated by his success on the prior probation violation, and an Ex Post Facto claim.  *Id.*

Garland alleged that the City maintained a culture of indifference to its citizens' civil rights.  *Id.*

at Attachment.

The Court of Common Pleas dismissed Garland's complaint pursuant to Pennsylvania

Rule of Civil Procedure 240(j), which provides for the dismissal of a frivolous complaint at the

outset of the case when the plaintiff has moved to proceed *in forma pauperis*.  *Id.* at *1.  Garland

appealed, and the Pennsylvania Superior Court affirmed the dismissal of his claims.  *Id.*

### 3.   Garland Challenges his First 2017 Arrest and Detention in Federal Court After Losing in State Court

After losing in state court, Garland filed a civil action against the City of Philadelphia, an unknown police officer for the City, and Officer Mallow, who was apparently responsible for having informed the Pennsylvania State Police in 2017 that Garland was in violation of his probation for failure to update his address. *Garland v. Bonds*, Civ. A. No. 19-1874, 2020 WL 2126330, at *1 (E.D. Pa. May 5, 2020). Garland essentially asserted claims pursuant to § 1983 for false arrest, malicious prosecution, and violation of his due process rights based on his arrest for violating his probation and his related detention in connection with the probation detainer lodged against him in February 2017. *Id.* at *5-*6.

After discovery, the defendants moved for summary judgment and the Court granted their motions. *Id.* at *1. In an opinion filed after Garland initiated the instant lawsuit, the Court concluded that probable cause existed for Garland's arrest and related imprisonment, which was fatal to his Fourth Amendment claims for false arrest, false imprisonment, and malicious prosecution. *Id.* at *6 ("Because the February 7, 2017 warrant for Garland's arrest was facially (and genuinely) valid, probable cause existed to support [Garland's] arrest." (footnote omitted)); *see also id.* at *8 ("As with his claims of false arrest and false imprisonment, Garland's claim of malicious prosecution fails as a matter of law."). Garland's remaining claims under the Fifth and Fourteenth Amendments also failed. *Id.* at *9-*10.

### 4.   Garland Challenges his Second 2017 Arrest and Detention in Federal Court After Losing in State Court

Two months after filing his Complaint based on matters related to the February 2017 probation detainer, Garland initiated a new lawsuit in this Court based on his August 2017 arrest and related detention for allegedly violating his probation. *See Garland v. Knorr*, Civ. A. No.

19-2996 (E.D. Pa.).  He named Officer Knorr, Supervising Officer Hernandez, and the City of

Philadelphia as defendants.  Garland alleged that Knorr unlawfully arrested him for possessing

certain devices in violation of his probation, that Hernandez (Knorr's supervisor) authorized

Knorr's conduct even though he should have known the arrest was illegal, and that the City did

not release Garland but instead incarcerated him in a City prison that was overcrowded and

deficient in certain respects.  *Id.* (ECF No. 16.)  Garland raised various constitutional claims and

state claims based on the August 2017 arrest, the alleged probation violation, and his related

incarceration.

In a recent opinion, the Court granted the defendants' motions to dismiss Garland's

operative complaint in that case.  *See Garland v. Knorr*, Civ. A. No. 19-2996, 2020 WL

3034811, at *1 (E.D. Pa. June 5, 2020).  The Court concluded that Garland failed to state a

plausible claim for municipal liability against the City because his general allegations about his

conditions of confinement did not implicate a municipal policy or custom, or provide any other

basis for municipal liability.  *Id.* at *7-*10.  As to the claims against Officers Knorr and

Hernandez, the Court found those claims barred by *res judicata*, also known as claim preclusion,

as a result of the judgment in the Common Pleas Action.  *Id.* at *10-*14.  Garland's claims

against Knorr and Hernandez were dismissed with prejudice, but he was given an opportunity to

amend his claims against the City based on his conditions of confinement.  *Id.* at *15.

## II.     STANDARD OF REVIEW

The Court will grant Garland leave to proceed *in forma pauperis* because it appears that

he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. §

1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it fails to state

a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the

same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains " sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations and generalized statements do not suffice to state a claim. *See id.*  The Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds by*, *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015).  Because Garland is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

Garland's claims are barred in their entirety by *res judicata*, also known as claim preclusion, as a result of the judgment in the Common Pleas Action.[5]  "*Res judicata* bars a party from initiating a subsequent suit against the same adversary based on the same cause of action as a prior suit." *Marmon Coal Co. v. Dir., Office of Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (citing *Duhaney v. Att'y Gen.*, 621 F.3d 340, 347 (3d Cir.2010)).  "The purpose of *res judicata* is to 'relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.'" *Id.* (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).  To determine whether the judgment in the

---

[5] As the judgment in the Common Pleas Action bars Garland's Complaint in its entirety, the Court need not address the impact of the other cases Garland previously filed in this Court covering similar subject matter.  However, those cases are worth noting to reflect that Garland has had an opportunity to pursue many of his claims, and that this Court has already addressed the merits of several claims Garland reasserts in the instant matter.

Common Pleas Action precludes Garland's claims in the instant case, the Court "must give the same preclusive effect to the judgment in the common pleas court case that the courts in Pennsylvania, the state in which the judgment was entered, would give." *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 548 (3d Cir. 2016).

As recognized by the Supreme Court of Pennsylvania, the doctrine of *res judicata*:

> bars a later action on all or part of the claim which was the subject of the first action.  Any final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action.  *Res judicata* applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action.

*Id.* (citing *Balent v. City of Wilkes–Barre*, 669 A.2d 309, 313 (1995)) (citation omitted) (emphasis omitted).  Under Pennsylvania law, *res judicata* applies when the prior action and the subsequent action share the following four factors in common: "(1) the thing sued upon or for; (2) the cause of action; (3) the persons and parties to the action; and (4) the capacity of the parties to sue or be sued."  *Id.* (citing *Bearoff v. Bearoff Bros., Inc.*, 327 A.2d 72, 74 (1974)).  Additionally, "[f]or relitigation to be precluded, Pennsylvania law requires that the prior determination be 'on the merits.'"  *McCarter v. Mitcham*, 883 F.2d 196, 199 (3d Cir. 1989) (quoting *Ross v. Bowlby*, 509 A.2d 332 (1986)).

"For *res judicata* purposes, a judgment on the merits 'is one that actually 'pass[es] directly on the substance of [a particular] claim' before the court.'"  *Weinar v. Lex*, 176 A.3d 907, 915 (Pa. Super. Ct. 2017) (quoting *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 501-02 (2017)).  In resolving the motions to dismiss one of Garland's prior cases, Civil Action Number 19-2996, the Court observed that, although Pennsylvania law is not conclusive, "it is hard to escape the conclusion that the principles of *res judicata* apply with equal force to dismissals under Rule 240(j) as to other dismissals — especially those that operate under

identical standards and result in identical outcomes." *Garland*, 2020 WL 3034811, at *11.

Since dismissal of an action for failure to state a claim constitutes a dismissal on the merits for

purposes of *res judicata* under Pennsylvania law, the Court concluded that dismissals for

frivolity under Rule 240(j), which are appropriate when a complaint fails to "'set forth a valid

cause of action'" likewise constitute dismissals on the merits. *Id.* (quoting *Ocasio v. Prison

Health Servs.*, 979 A.2d 352, 354 (Pa. Super. Ct. 2009)). The dismissal of Garland's Common

Pleas Action under Rule 240(j) was therefore a final judgment on the merits for purposes of *res

judicata*. *Id.* at *12. The same conclusion holds true in this case.

A comparison of Garland's Complaint in the instant matter to his claims in the Common

Pleas Action makes clear that the other factors for applying *res judicata* are satisfied here.

Regarding the first two factors — the thing sued upon or for and the cause of action — in both

cases, Garland sought damages for false arrest, false imprisonment, malicious prosecution, and

other alleged constitutional violations based on his 2014 arrest, probation revocation and

revocation sentence, and his 2017 arrests and detentions. A comparison of the claims and

allegations reveals that they are based on the same set of events and in many respects pled in an

identical or similar manner. But even if Garland intended to pursue additional legal theories in

the instant case — and it is not clear that he does — *res judicata* would still apply. *See

Cruickshank-Wallace v. CNA Fin. Corp.*, 769 F. App'x 77, 80 (3d Cir. 2019) (observing that "a

mere change in the legal theory under which [a party] now pursue[s] [his] claims will not prevent

the application of the doctrine of *res judicata*"); *Turner*, 449 F.3d at 549 ("Pennsylvania courts

have held that the mere advancement of a different legal theory does not necessarily give rise to

a different cause of action."); *McArdle v. Tronetti*, 627 A.2d 1219, 1222 (Pa. Super. Ct. 1993)

(when it comes to the "identity of cause[s] of action, … *res judicata* generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims").

Turning to the third and fourth factors — the persons and parties to the action and the capacity of the parties to sue or be sued — Officer Gardner, Officer Knorr, and the City of Philadelphia were named as defendants in both the Common Pleas Action and the instant case, and their capacity to be sued is the same.  Accordingly, these factors are satisfied as to these three Defendants and *res judicata* bars Garland's claims against them.  *See Harper v. Salameh*, 722 F. App'x 205, 206-07 (3d Cir. 2017) (per curiam) ("Harper has raised the same claims in both actions, complaining about his numerous surgeries, their aftermath, and his inability to obtain a kidney transplant, and he has made no effort to differentiate the two actions" (footnotes omitted)).

Supervisory Probation Officers Hernandez and McLaughlin are named as Defendants in the present case even though they were not parties to the Common Pleas Action.  Regardless, "[t]he doctrine of res judicata applies to and is binding, not only on actual parties to the litigation, but also to those who are in privity with them."  *Stevenson v. Silverman*, 208 A.2d 786, 788 (Pa. 1965); *see also Perelman v. Perelman*, 545 F. App'x 142, 149 (3d Cir. 2013). "[P]rivity between the parties to past and present suits . . . can exist when the parties to such suits bear an agency relationship."  *Robinson v. Fye*, 192 A.3d 1225, 1234 (Pa. Commw. Ct. 2018). As it appears Garland is suing Defendants Hernandez and McLaughlin based on the same conduct engaged in by their subordinates at issue in the Common Pleas Action, they are in privity for purposes of claim preclusion with their subordinates, who were named as defendants

in that case.[6]  *See id.* (supervisors and subordinates in privity for purposes of *res judicata*);

*Cicchiello v. SEIU 1199P Union Serv. Employees Int'l Union*, No. 361 M.D. 2015, 2016 WL

1639015, at *4 (Pa. Commw. Ct. Apr. 26, 2016) ("[A]s observed by the federal courts, 'merely .

. . naming additional defendants . . . will not convert one cause of action into a second cause of

action if both actions involve the same liability-creating conduct on the part of the defendants

and the same alleged invasion of the plaintiff's rights.'" (quoting *Coggins v. Carpenter*, 468 F.

Supp. 270, 280 (E.D. Pa. 1979)).

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Garland leave to proceed *in forma*

*pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because his claims

are barred in their entirety by *res judicata*.[7]  Garland will not be given leave to file an amended

---

[6] The only allegation against Officers Hernandez and McLaughlin is that Garland "believes" they
assisted Officer Gardner in effecting his arrest on May 6, 2014.  (ECF No. 2 at 7.)  However,
Garland also states that Hernandez and Knorr are "jointly and severally responsible" and that he
is pursuing a First Amendment claim against Knorr and "any Supervisors involved."  (*Id.* at 9.)
Although unclear, this may be Garland's attempt to reassert a retaliation claim against Knorr
based on the August 2017 arrest.  *See Garland*, 2019 WL 517687, at Attachment (recounting
Garland's allegation that Knorr arrested him in August 2017 in retaliation for his success on the
earlier probation violation).

[7] Additionally, any claims based on the 2017 arrests and related detentions are barred by the two-
year statute of limitations, because Garland did not file his Complaint until April 2020, more
than two years after his allegedly false imprisonment ended and the probation violations at issue
terminated in his favor.  *See* 42 Pa. Cons. Stat. § 5524; *Dique v. New Jersey State Police*, 603
F.3d 181, 185 (3d Cir. 2010) ("A section 1983 claim is characterized as a personal-injury claim
and thus is governed by the applicable state's statute of limitations for personal-injury claims.");
*see also Wallace v. Kato*, 549 U.S. 384, 389-90 (2007) (explaining that the statute of limitations
begins to run on claims for false imprisonment when the false imprisonment ends); *Randall v.
City of Philadelphia Law Dep't*, 919 F.3d 196, 198 (3d Cir. 2019) ("[F]ederal law holds that a
malicious-prosecution claim accrues when criminal proceedings end in the plaintiff's favor.").
Accordingly, the expiration of the statute of limitations provides another basis for the dismissal
of Garland's claims based the events of 2017.

complaint because amendment would be futile.  An appropriate Order follows, which will be docketed separately.

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**